**ASIA NORTH AMERICA EASTBOUND RATE AGREEMENT, Petitioner,**

v.

**BJI INDUSTRIES, INC., Respondent.**

Civil Action No. 94–903.

United States District Court, District of Columbia.

April 15, 1996.

Cindy G. Buys, Jeffrey F. Lawrence, Anne E. Mickey, Sher & Blackwell, Washington, DC, for Petitioner.

Daniel E. Johnson, Gary H. Sampliner, McKenna & Cuneo, Washington, DC, for Respondent.

*MEMORANDUM ORDER*

STANLEY S. HARRIS, District Judge.

By an Opinion dated August 28, 1995, the Court granted petitioner's petition to confirm the arbitral award. *See Asia N. Am. Eastbound Rate Agreement v. BJI Indus.,* 900 F.Supp. 507 (D.D.C.1995). This matter is now before the Court on the parties' supplemental briefs on the appropriate interest rate.

The Service Contract between the parties provides that, unless the U.S. Shipping Act of 1984 applies, Hong Kong law shall govern the contract. Service Contract § 18, Pet. to Confirm the Arbitral Award, Ex. A at 7. The Shipping Act does not address the applicable interest rate. "Under American law, contractual choice-of-law provisions are usually honored." *Milanovich v. Costa Crociere, S.p.A.,* 954 F.2d 763, 767 (D.C.Cir.1992). Consequently, the Court will apply Hong Kong law.

Under Hong Kong law, "[a] sum directed to be paid by an award shall, unless the award otherwise directs, carry interest as from the date of the award and at the same rate as a judgment debt." H.K. Arbitration Ordinance, ch. 341, § 22, Pet'r's Reply to Resp't's Opp'n to Pet'r's Renewed Mot. To Confirm Arbitral Award and Pet'r's Opp'n to Resp's Mot. to Dismiss, Ex. 3. The Court requested additional briefs from the parties to clarify the rate of interest on a "judgment debt." *Asia N. Am. Eastbound Rate Agreement,* 900 F.Supp. at 515 n. 15.

Section 49(1) of the Hong Kong Supreme Ordinance provides that:

Judgment debts shall carry simple interest—(a) at such rate as the High Court may order; or (b) in the absence of such order, at such rate as may be determined from time to time by the Chief Justice by order, [—] on the aggregate amount thereof, or on such part thereof as for the time being remains unsatisfied from the date of the judgment until satisfaction.

H.K. Supreme Ordinance § 49(1), Pet'r's Supplemental Br. on the Appropriate Interest Rate, Ex. A. The Ordinance further permits interest to be calculated at different rates for different periods of time. *Id.* Petitioner has attached copies of relevant pages from a publication titled *The Law Society of Hong Kong*, which state the interest rates for the relevant periods of time. Pet'r's Supplemental Br. on the Appropriate Interest Rate, Ex. B. Respondent has not disputed the validity of these rates.

Respondent submits that the applicable rate should be 7¾%. Resp't's Supplemental Br. in Resp. to the Courts Order at 1. This amount represents the prime interest rate during the period between August 16, 1994, and November 15, 1994. Pet'r's Supplemental Br. on the Appropriate Interest Rate at 5; *see also* Pet'r's Opp'n to Resp't's Mot. To Set Aside Entry of Default and Renewed Mot. To Confirm Arbitral Award at 15 n. 16. Because the Court has determined that Hong Kong law governs the parties' contract, the Court declines to apply the prime rate.[1]

Accordingly, it hereby is

ORDERED, that the interest on petitioner's arbitral award shall be computed according to the Hong Kong judgment debt rate.

SO ORDERED.

---

1. The Court notes that, even if the prime rate were applicable here, the rate varies over time and is not fixed at 7¾%.